[Civil No. 872.   Filed November 18, 1905.]
[83 Pac. 350.]

JOHN P. SCORE, Plaintiff and Appellant, v. N. L. GRIF-FIN, Defendant and Appellee.

1. APPEAL AND ERROR—RECORD—EVIDENCE — EXCLUDED — NOT CONSID-ERED.—Evidence properly excluded by the trial court cannot be considered on appeal.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. Richard E. Sloan, Judge. Reversed.

On rehearing. For former opinion, see, *ante,* p. 295.

The facts are stated in the opinion.

Robert E. Morrison, for Appellant.

Herndon & Norris, for Appellee.

KENT, C. J.—The appellant urges as one of the grounds for a reversal of the judgment in this adverse suit that the appellee had not shown that he had made a valid location of his claim, in that there was no evidence in the record of the discovery of mineral in place within the limits of the claim. In our former opinion (*ante,* p. 295, 80 Pac. 331) we based our conclusion that there was sufficient evidence to sustain a compliance with the statutes in this regard largely upon the testimony of the plaintiff that, when his claim was located by him (the two claims being nearly identical in surface area), there was gold- and silver-bearing rock showing upon the surface of his claim. Upon the rehearing, it was claimed by the appellant that this discovery of the plaintiff was made outside of the limits of the defendant's claim, and hence the plaintiff's discovery there of mineral could not serve to show mineral within the limits of the defendant's claim. A further examination of the evidence shows that the discovery of the mineral by the plaintiff, referred to, was in fact made outside the limits of the defendant's claim. We have made a further careful examination of the evidence, and we fail to find in the record evidence which we can hold shows a discovery of mineral within the limits of the claim of the defendant.

The appellee urges that as the discovery of the plaintiff, though without the limits of the defendant's claim, showed mineral, and the plaintiff's location notice claimed fifteen hundred feet "of this vein or lode . . . in a northerly direction along the ledge," which would carry it across the whole length of the defendant's claim, that this is evidence of the existence of the ledge or vein within the defendant's claim sufficient to satisfy the statute. If we might consider this as sufficient evidence of such fact, we are nevertheless precluded from doing so, as the evidence is not before us, since the court below

—and rightly, as we held—sustained the objection of the defendant to the introduction of this location notice in evidence, and ordered it stricken out.

We think the defendant has failed to prove that there was a discovery of mineral within the limits of the claim, and that for this reason the judgment of the lower court awarding affirmative relief to the defendant must be reversed, and the case remanded for a new trial.

DOAN, J., and CAMPBELL, J., concur.